65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Daniel J. McQUAID, Debtor.
Daniel J. McQUAID, Appellant,
v.
FIRST INTERSTATE BANK OF CALIFORNIA, Appellee.
 No. 94-15617.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 25, 1995.
 
 1
 Before: D.W. NELSON and T.G. NELSON, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Daniel J. McQuaid appeals from a decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's judgment of nondischargeability of debt in favor of First Interstate Bank of California (the Bank). We have jurisdiction pursuant to 28 U.S.C. Secs. 158(d) and 1291, and affirm.
 
 DISCUSSION
 
 4
 Under 11 U.S.C. Sec. 523(a)(2)(B), a creditor must prove several elements to preclude a debtor's discharge:
 
 
 5
 (1) a statement is materially false;
 
 
 6
 (2) respecting the debtor's ... financial condition;
 
 
 7
 (3) on which the creditor ... reasonably relied; and
 
 
 8
 (4) the debtor caused the statement to be made or published with intent to deceive.,
 
 
 9
 In re Kirsh, 973 F.2d 1454, 1457 (9th Cir.1992). The issue on appeal deals with elements one and three. We must decide whether the bankruptcy court erred in concluding that the Bank reasonably relied on McQuaid's false representations in his financial statements, and whether the representations were material.
 
 
 10
 "The court of appeals reviews the BAP's decision de novo. The bankruptcy court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." In re Siriani, 967 F.2d 302, 303-04 (9th Cir.1992). "The determination of justifiable reliance is a question of fact subject to the clearly erroneous standard of review." Kirsh, 973 F.2d at 1456.
 
 
 11
 McQuaid falsely represented in financial statements that he had an ownership interest in McQuaid Ranches, Inc. (the Farm). McQuaid argues that the ownership of the Farm was not a material factor in the Bank's crop loans to McQuaid. He also argues that the Bank's failure to investigate into the representation of his ownership constituted a lack of justifiable reliance.
 
 
 12
 The bankruptcy court was not clearly erroneous in determining that ownership of the Farm was material. Over one-half of McQuaid's net worth was attributed in the financial statements to his ownership interest in the Farm. The Bank's loan officer testified that he followed industry standards in reviewing the loan applications. The loan officer's analysis considered the representations in the financing statements. A Bank vice-president testified that the net worth of a crop-loan applicant is a material consideration in determining whether to grant a loan. Further, the Bank requested additional information regarding the assets of the Farm.
 
 
 13
 Similarly, the bankruptcy court did not err in determining that the Bank's reliance was reasonable and justifiable. "[We] must look to all of the circumstances surrounding the particular transaction, and must particularly consider the subjective effect of those circumstances upon the creditor." Kirsh, 973 F.2d at 1460. The court found that the industry standard and practice in the rural farming community did not include title searches into farms. Notably, McQuaid's debt was not secured by the Farm. It also appears that a title report would not have revealed the fraudulent representation.
 
 
 14
 Substantial evidence supports the bankruptcy court's findings. The determination that the debt was nondischargeable was not clearly erroneous.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Red.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3